STATE OF CONNECTICUT *v.* JAMES B.*
(AC 31502)

Bishop, Alvord and Pellegrino, Js.

---

* In accordance with our policy of protecting the privacy interests of the victims of sexual assault and the crime of risk of injury to a child, we decline

Argued March 16—officially released June 7, 2011

to identify the victims or others through whom the victims' identities may be ascertained. See General Statutes § 54-86e.

*Jodi Zils Gagne*, for the appellant (defendant).

*Theresa Anne Ferryman*, senior assistant state's attorney, with whom, on the brief, was *Michael L. Regan*, state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, James B., appeals from the trial court's judgment of conviction, rendered after a jury trial, of risk of injury to a child in violation of General Statutes § 53-21 (a) (2).[1] On appeal, the defendant claims that the trial court improperly denied his (1) motion to suppress and (2) motions for a judgment of acquittal.[2] We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. In January, 2008, the Norwich police department received a report from the department of children and families (department) of a sexual assault of a minor female. The victim had reported the assault at a therapy session, which was relayed by a therapist to the department. The victim was interviewed at her school by Damon Wallace, a Norwich police officer, and Timothy Donahue, a department investigator. During the interview, the victim disclosed that her father, the defendant, had sexually assaulted her from the time she was five years old. Subsequently, Wallace and Donahue went to the defendant's home to speak with the defendant, who invited them into the home. During their conversation, which occurred in the living room, the defendant stated that he had suffered a brain injury that affected his long-term memory, and, therefore, he could neither confirm nor deny the incidents that had been reported by his daughter. A week later, Wallace and Donahue again

---

[1] Although § 53-21 was amended by No. 07-143, § 4, of the 2007 Public Acts, those amendments have no bearing on the merits of this appeal. For convenience, we refer to the current revision of the statute.

[2] The defendant moved for a judgment of acquittal following the close of the state's case and again at the close of evidence.

interviewed him at the Norwich police station. Thereafter, the defendant was charged in a three count information with two counts of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (2) and one count of risk of injury to a child in violation of § 53-21 (a) (2).

At trial, the victim testified that numerous incidents of sexual contact had occurred between her and the defendant. The defendant testified that he had not made the alleged statements regarding his memory and that the allegations against him were false. According to the defendant, the victim had fabricated the alleged incidents because he had forbidden her from seeing her friend with whom she had a lesbian relationship at that time. At the close of the state's case, the court granted the defendant's motion for a judgment of acquittal as to the first count of sexual assault in the first degree because the victim's testimony alone was not sufficient to prove that charge. On April 20, 2009, the jury returned a verdict of not guilty on the second count of sexual assault in the first degree but found the defendant guilty of risk of injury to a child. The court sentenced the defendant to fifteen years incarceration, suspended after ten years, with ten years probation. This appeal followed. Additional facts and procedural history will be set forth as necessary.

I

The defendant first claims that the court improperly denied his motion to suppress. According to the defendant, he was not read his *Miranda*[3] rights while he was interviewed in his living room and while "in custody," and his statements to Wallace and Donahue were not voluntary. The trial court rejected both arguments, finding that the defendant was not in custody for purposes

[3] See *Miranda* v. *Arizona*, 384 U.S. 436, 478–79, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

of *Miranda* and that his statements were voluntary. We agree with the trial court.

We first set forth the applicable standard of review. "Our standard of review of a trial court's findings and conclusions in connection with a motion to suppress is well defined. A finding of fact will not be disturbed unless it is clearly erroneous in view of the evidence and pleadings in the whole record . . . . [W]here the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts set out in the memorandum of decision . . . ." (Internal quotation marks omitted.) *State* v. *Owen*, 126 Conn. App. 358, 363, 10 A.3d 1100, cert. denied, 300 Conn. 921, 14 A.3d 1008 (2011).

"To determine whether a suspect is in custody so as to require *Miranda* warnings, we inquire whether a reasonable person, in view of all the circumstances, would have believed that he or she was not free to leave. . . . The term interrogation under *Miranda* is not limited to questioning explicitly designed to elicit an incriminating response but extends to any words or actions on the part of the police that the police should know are reasonably likely to elicit an incriminating response from a suspect." (Internal quotation marks omitted.) *State* v. *Brown*, 118 Conn. App. 418, 433, 984 A.2d 86 (2009), cert. denied, 295 Conn. 901, 988 A.2d 877 (2010).

We conclude that, in light of the trial court's findings, it was reasonable for the court to conclude that the defendant was not in custody for purposes of *Miranda* when he was questioned by Wallace and Donahue at his home. We find nothing in the record to indicate that the defendant was questioned in a manner that would lead him to believe that he was in custody. The trial court found that both Wallace and Donahue were

dressed in civilian clothes and invited into the home by the defendant. The interview itself lasted less than one hour and included no threats of arrest or conduct by either Wallace or Donahue that would lead to a reasonable conclusion that the defendant was in custody. The conversation occurred in the defendant's own living room, and, at one point, the defendant left the room to go speak with his fiancée. On the basis of the facts of the present case, we conclude that the defendant was not in custody within the meaning of *Miranda*.

We further conclude that the court properly determined that the defendant's statements to Wallace and Donahue were voluntary. Although the court acknowledged that the defendant suffered from several ailments, he is a middle-aged man with a high school education. The interview itself was not lengthy, prolonged or intense, and there is nothing in the record to indicate that any threats of physical punishment or denial of food or sleep had occurred. Thus, in light of the entire factual record viewed as a whole, it was reasonable for the court to conclude that the defendant's statements were voluntary.

## II

The defendant also claims that the court improperly denied the defendant's motions for a judgment of acquittal because there was not sufficient evidence to convict him of the charged offense. We disagree.

We first set forth our standard of review. "The standard of review [that] we [ordinarily] apply to a claim of insufficient evidence is well established. In reviewing the sufficiency of the evidence to support a criminal conviction we apply a two-part test. First, we construe the evidence in the light most favorable to sustaining the verdict. Second, we determine whether upon the facts so construed and the inferences reasonably drawn therefrom the [finder of fact] reasonably could have

concluded that the cumulative force of the evidence established guilt beyond a reasonable doubt." (Internal quotation marks omitted.) *State* v. *Cook*, 287 Conn. 237, 254, 947 A.2d 307, cert. denied, 555 U.S. 970, 129 S. Ct. 464, 172 L. Ed. 2d 328 (2008).

The defendant was convicted of one count of risk of injury to a child in violation of § 53-21 (a) (2). The jury heard testimony from multiple witnesses who addressed each element of the alleged charge. On appeal, the defendant argues that the jury could not have concluded as it did because the jury had no physical evidence before it, only the testimony of witnesses. The defendant's argument, "although couched in the language of a sufficiency of the evidence claim, actually attacks the witness credibility determinations made by the jury in reaching its ultimate conclusions about the case. Questions of whether to believe or to disbelieve a competent witness are beyond our review. As a reviewing court, we may not retry the case or pass on the credibility of witnesses. . . . Inconsistencies in testimony and witness credibility are matters that are within the exclusive purview of the jury to resolve at trial." (Citation omitted; internal quotation marks omitted.) *State* v. *James P.*, 96 Conn. App. 93, 98, 899 A.2d 649, cert. denied, 280 Conn. 910, 908 A.2d 540 (2006).

After a careful review of the record, viewing the evidence in the light most favorable to sustaining the verdict, we conclude that the state adduced sufficient evidence upon which the court properly denied the defendant's motions for a judgment of acquittal.

The judgment is affirmed.